IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LESLIE HERNANDEZ-BROWN,
M.H., a minor,

                Plaintiffs,

    v.

DEPARTMENT OF HUMAN
SERVICES, et al,

                Defendants.

Case No. 1:15-cv-02311-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge.

       Plaintiffs Leslie Hernandez Devereaux and M.H., a minor child, seek to proceed *in forma pauperis* ("IFP") in this action. Plaintiffs also move for appointment of pro bono counsel. For the reasons stated below, Plaintiffs' Amended Complaint should be dismissed, along with the IFP application (#2) and motion for appointment of counsel (#3).

Page 1 -- REPORT AND RECOMMENDATION

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id.

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir.1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

## DISCUSSION

On December 11, 2015, Plaintiff Leslie Hernandez Devereaux filed a Complaint against a long list of defendants, including the Oregon Department of Human Services (DHS), DHS caseworkers, various public defenders and deputy district attorneys, Jackson County law enforcement personnel, and a judge of the Jackson County Circuit Court. She purports to file the action on her own behalf, and on behalf of M.H., a minor child.

On February 25, 2016, after the Court gave her leave to do so, Plaintiff filed an Amended Complaint (#7) alleging claims against caseworkers and other Department of Human Services (DHS) staff for their roles in questioning and removing Plaintiff's daughter from her home. Plaintiff claims that she was "denied the right to accompany" her child to the Children's

Advocacy Center when they performed a physical examination, which she claims is a "deprivation of rights" under the Fourteenth Amendment. She does not claim that the investigation into whether or not her daughter should be removed from her home was unfounded or otherwise lacking in probable cause. Considering other allegations in the complaint, it appears as though she was unable to protect her children from abuse in the home, which, if true, would give DHS a very good reason to investigate.

Plaintiff also claims a deprivation of rights by law enforcement officers for accompanying the caseworkers to her home, even though they did not come inside her home. She claims that officers did not adequately "protect" her family even though she had a "stalking protective order" in place against a man, who appears to be the father of her children.

While Plaintiff's claims are serious, and she is understandably frustrated with the lack of response from law enforcement, her allegations on their face do not rise to the level of a constitutional violation. The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact." *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989). However, the Plaintiff must identify specific deficiencies in the training program and a causal link to the alleged constitutional violation. *Id*. Additionally, this "deliberate indifference" in training is separate and apart from any alleged "deliberate indifference" on the part of an individual officer to protect against harms inflicted by an unrelated civilian. Such a "failure to protect" is not a cause of action under § 1983.

Next, Plaintiff's complaint alleges claims for discrimination of her disability against Chief Tim George, but the claim contains only conclusory statements that officers were "acting under color of law while violating [her] Fourth Amendment [rights] many times during the last

decade while refusing to report felony crimes such as stalking and the sexual assault of [her] child." The only specific factual allegations involve one officer's alleged refusal to investigate Plaintiff's reports that someone, presumably the father of her children, was stalking her and threatening her children. Conclusory statements do not meet the federal pleading standards, as discussed in the Court's previous Order, and a refusal to investigate does not rise to the level of a constitutional violation, as discussed above.

## RECOMMENDATION

Having given Plaintiff an opportunity to amend and refile her complaint once already, the Court does not believe that the deficiencies in the Amended Complaint can be cured by any further amendment. Therefore this case should be dismissed, along with the IFP application (#2) and motion for appointment of counsel (#3).

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See Fed. R. Civ. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

ORDERED and DATED this ___22___ day of March, 2016.

_____
MARK D. CLARKE
United States Magistrate Judge